UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DIONNE DIALLO On Behalf of Herself and All Others
Similarly Situated,                                                    Case No.:

                   Plaintiffs,

                                      **COLLECTIVE AND CLASS**
                                      **ACTION COMPLAINT**
          -vs.-                        **WITH JURY DEMAND**

TOWNE HEALTHCARE STAFFING LLC d/b/a
TOWNE NURSING STAFF, INC., BRONX CARE,
BRONX CENTER FOR REHABILITATION AND
HEALTHCARE, LLC d/b/a BRONX CENTER FOR
REHABILITATION AND NURSING, WORKMEN'S
CIRCLE CENTER OF THE BRONX, INC. d/b/a
WORKMEN'S CIRCLE, MORNINGSIDE HOUSE
NURSING HOME COMPANY, INC. d/b/a MORNING
SIDE NURSING & REHABILITATION, KINGSBRIDGE
NURSING HOME, TRIBORO CENTER, DEWITT
REHABILITATION AND NURSING CENTER, INC.
d/b/a UPPER EAST SIDE REHABILITATION AND
NURSING CENTER, BETH ABRAHAM SERVICES
d/b/a BETH ABRAHAM CENTER FOR
REHABILITATION AND NURSING, HOPE
CENTER OPERATIONS, LLC d/b/a HOPE CENTER,
and JOHN DOE CORPORATIONS 1-10, Those Businesses
Being Fictitious and Unknown to Plaintiff, The Parties
Intended Being More Businesses That Employed Plaintiff


                       Defendants.
-------------------------------------------------------------X

       Plaintiff DIONNE DIALLO ("Mrs. Diallo") on behalf of herself and all others similarly

situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their

attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against

TOWNE HEALTHCARE STAFFING LLC d/b/a TOWNE NURSING STAFF, INC. (Towne

Nursing), BRONX CARE (Bronx Care), BRONX CENTER FOR REHABILITATION AND

HEALTHCARE, LLC d/b/a BRONX CENTER FOR REHABILITATION AND NURSING (Bronx Center), WORKMEN'S CIRCLE CENTER OF THE BRONX, INC. d/b/a WORKMEN'S CIRCLE (Workmen's Circle), MORNINGSIDE HOUSE NURSING HOME COMPANY, INC. d/b/a MORNING SIDE NURSING & REHABILITATION (Morning Side Nursing), KINGSBRIDGE NURSING HOME (Kingsbridge Nursing), TRIBORO CENTER (Triboro Center), DEWITT REHABILITATION AND NURSING CENTER, INC. d/b/a UPPER EAST SIDE REHABILITATION AND NURSING CENTER (Upper East Side Rehabilitation), BETH ABRAHAM SERVICES d/b/a BETH ABRAHAM CENTER FOR REHABILITATION  AND NURSING (Beth Abraham Services), HOPE CENTER OPERATIONS, LLC d/b/a HOPE CENTER (Hope Center), and JOHN DOE CORPORATIONS 1-10, Those Businesses Being Fictitious and Unknown to Plaintiff, The Parties Intended Being More Businesses That Employed Plaintiff (together "Defendants") allege upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF CASE**</u>

1.      This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; (iv) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); (v) the

requirement that Defendants pay Plaintiffs for all hours worked; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants, a medical nursing staffing company and various medical facilities. Throughout Plaintiff's tenure, and in the midst of the COVID-19 pandemic, Defendants required her, the FLSA Plaintiffs, and the Rule 23 Plaintiffs to report substantially lower than they actually worked.

3.      Further, throughout the statutory period Defendants failed to pay the Plaintiffs on a weekly basis as required under the NYLL.

4.      Also, Defendants failed to furnish Plaintiffs with accurate wage statements on each payday as the NYLL requires.

5.      Defendants paid and treated all of their nursing assistants in a similar manner.

6.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

7.      Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

8.      Upon information and belief, as part of their business model, Towne Nursing becomes the employer of record for various medical professionals, including the Plaintiff, the FLSA Plaintiffs and the Rule 23 Plaintiffs. In that role, Towne Nursing has the power to hire, fire,

supervise and control schedules, determine pay rates and methods of payment, and keeps employment records. Towne Nursing also sends employees to various medical facilities. Upon information and belief, these medical facilities, who are also defendants in this action, jointly employ the Plaintiff, FLSA Plaintiffs and the Rule 23 Plaintiffs and have the power to hire, fire, supervise and control schedules, and maintain some employment records.

## JURISDICTION AND VENUE

9.      Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

10.     Plaintiff further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

12.     At all relevant times herein relevant, Plaintiff Diallo is a resident of the State of New York, and resides in Bronx County.

13.     At all times herein relevant, Plaintiff Diallo was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

14.     At all times herein relevant, Plaintiff Diallo was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

4

15.     Upon information and belief, at all relevant times herein, Towne Nursing was and is a domestic business corporation with its principal place of business located at 1413 38th Street, Brooklyn, Ny 11218.

16.     Upon information and belief, at all relevant times herein, Bronx Care was and is a domestic business corporation with its principal place of business located at 1265 Fulton Ave, Bronx, NY 10456.

17.     Upon information and belief, at all relevant times herein, Bronx Center was and is a domestic limited liability company with its principal place of business located at 1010 Underhill Avenue, Bronx New York 10472.

18.     Upon information and belief, at all relevant times herein, Workmen's Circle was and is a domestic not-for-profit corporation with its principal place of business located at 3155 Grace Avenue, Bronx New York 10469.

19.     Upon information and belief, at all relevant times herein, Morning Side Nursing was and is a domestic not-for-profit corporation with its principal place of business located at 1000 Pelham Parkway, Bronx, NY10461.

20.     Upon information and belief, at all relevant times herein, Kingsbridge Nursing was and is a domestic business corporation with its principal place of business located at 3400 Cannon Place, Bronx, Bronx, NY, 10463.

21.     Upon information and belief, at all relevant times herein, Triboro Center was and is a domestic business corporation with its principal place of business located at 1160 Teller Ave, Bronx, NY 10456.

22.     Upon information and belief, at all relevant times herein, Upper East Side Rehabilitation was and is a domestic business corporation with its principal place of business located at 211 E 79th Street, New York, NY 10075.

23.     Upon information and belief, at all relevant times herein, Beth Abraham Services was and is a domestic not-for-profit corporation with its principal place of business located at 612 Allerton Avenue, Bronx, NY 10467.

24.     Upon information and belief, at all relevant times herein, Hope Center was and is a domestic limited liability company with its principal place of business located at 1404 University Avenue, Bronx, NY 10452.

25.     At all relevant times herein, Defendant Towne Nursing was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

26.     At all relevant times herein, Defendant Bronx Care was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

27.     At all relevant times herein, Defendant Bronx Center was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

28.     At all relevant times herein, Defendant Workmen's Circle was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

29.     At all relevant times herein, Defendant Morning Side Nursing was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

30.     At all relevant times herein, Defendant Kingsbridge Nursing was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

31.     At all relevant times herein, Defendant Triboro Center was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

32.     At all relevant times herein, Defendant Upper East Side Rehabilitation was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

33.     At all relevant times herein, Defendant Beth Abraham Services was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

34.     At all relevant times herein, Defendant Hope Center was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

35.     Upon information and belief, for the calendar year 2018 the Towne Nursing's gross receipts were not less than $500,000.00.

36.     Upon information and belief, for the calendar year 2019 the Towne Nursing's gross receipts were not less than $500,000.00.

37.     Upon information and belief, for the calendar year 2020 the Towne Nursing's gross receipts were not less than $500,000.00.

38.     Upon information and belief, for the calendar year 2021 the Towne Nursing's gross receipts were not less than $500,000.00.

39.     Upon information and belief, for the calendar year 2018 the Bronx Care's gross receipts were not less than $500,000.00.

40.     Upon information and belief, for the calendar year 2019 the Bronx Care's gross receipts were not less than $500,000.00.

41.     Upon information and belief, for the calendar year 2020 the Bronx Care's gross receipts were not less than $500,000.00.

42.     Upon information and belief, for the calendar year 2021 the Bronx Care's gross receipts were not less than $500,000.00.

43.     Upon information and belief, for the calendar year 2018 the Bronx Center's gross receipts were not less than $500,000.00.

44.     Upon information and belief, for the calendar year 2019 the Bronx Center's gross receipts were not less than $500,000.00.

45.     Upon information and belief, for the calendar year 2020 the Bronx Center's gross receipts were not less than $500,000.00.

46.     Upon information and belief, for the calendar year 2021 the Bronx Center's gross receipts were not less than $500,000.00.

47.     Upon information and belief, for the calendar year 2018 the Workmen's Center's gross receipts were not less than $500,000.00.

48.     Upon information and belief, for the calendar year 2019 the Workmen's Center's gross receipts were not less than $500,000.00.

49.     Upon information and belief, for the calendar year 2020 the Workmen's Center's gross receipts were not less than $500,000.00.

50.     Upon information and belief, for the calendar year 2021 the Workmen's Center's gross receipts were not less than $500,000.00.

51.     Upon information and belief, for the calendar year 2018 the Morning Side Nursing's gross receipts were not less than $500,000.00.

52.     Upon information and belief, for the calendar year 2019 the Morning Side Nursing's gross receipts were not less than $500,000.00.

53.     Upon information and belief, for the calendar year 2020 the Morning Side Nursing's gross receipts were not less than $500,000.00.

54.     Upon information and belief, for the calendar year 2021 the Morning Side Nursing's gross receipts were not less than $500,000.00.

55.     Upon information and belief, for the calendar year 2018 the Kingsbridge Nursing's gross receipts were not less than $500,000.00.

56.     Upon information and belief, for the calendar year 2019 the Kingsbridge Nursing's gross receipts were not less than $500,000.00.

57.     Upon information and belief, for the calendar year 2020 the Kingsbridge Nursing's gross receipts were not less than $500,000.00.

58.     Upon information and belief, for the calendar year 2021 the Kingsbridge Nursing's gross receipts were not less than $500,000.00.

59.     Upon information and belief, for the calendar year 2018 the Triboro Center's gross receipts were not less than $500,000.00.

60.     Upon information and belief, for the calendar year 2019 the Triboro Center's gross receipts were not less than $500,000.00.

61.     Upon information and belief, for the calendar year 2020 the Triboro Center's gross receipts were not less than $500,000.00.

62.     Upon information and belief, for the calendar year 2021 the Triboro Center's gross receipts were not less than $500,000.00.

63.     Upon information and belief, for the calendar year 2018 the Upper East Side Rehabilitation's gross receipts were not less than $500,000.00.

64.     Upon information and belief, for the calendar year 2019 the Upper East Side Rehabilitation's gross receipts were not less than $500,000.00.

65.     Upon information and belief, for the calendar year 2020 the Upper East Side Rehabilitation's gross receipts were not less than $500,000.00.

66.     Upon information and belief, for the calendar year 2021 the Upper East Side Rehabilitation's gross receipts were not less than $500,000.00.

67.     Upon information and belief, for the calendar year 2018 the Beth Abraham Services gross receipts were not less than $500,000.00.

68.     Upon information and belief, for the calendar year 2019 the Beth Abraham Services gross receipts were not less than $500,000.00.

69.     Upon information and belief, for the calendar year 2020 the Beth Abraham Services gross receipts were not less than $500,000.00.

70.     Upon information and belief, for the calendar year 2021 the Beth Abraham Services gross receipts were not less than $500,000.00.

71.     Upon information and belief, for the calendar year 2018 the Hope Center's gross receipts were not less than $500,000.00.

72.     Upon information and belief, for the calendar year 2019 the Hope Center's gross receipts were not less than $500,000.00.

73.     Upon information and belief, for the calendar year 2020 the Hope Center's gross receipts were not less than $500,000.00.

74.     Upon information and belief, for the calendar year 2021 the Hope Center's gross receipts were not less than $500,000.00.

75.     Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise.

76.     Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

77.     Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendants as non-exempt nursing assistants or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

78.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

79.     At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates

of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

80.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well as on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

81.     Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that

   predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

82.     The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as nursing assistants, or similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

### Numerosity

83.     During the previous six years, Defendants have employed, in total, at least one hundred employees that are putative members of this class.

12

## Common Questions of Law and/or Fact

84.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs for hours they worked; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

## Typicality of Claims and/or Defenses

85.     As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees.

Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiffs overtime.  Plaintiffs and the Rule 23 Plaintiffs are also "manual workers" who Defendants failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be paid on a weekly basis, to be provided notice before termination, and to be furnished with accurate wage statements.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

86.     Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week, did not pay Plaintiffs for all the hours they worked and paid Plaintiffs every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus,

Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## Superiority

87.    Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

88.    Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

89.    Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

90.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

91.    Towne Nursing owns and operates a medical staffing company which provides nursing assistant personnel to various medical facilities across New York.

92.    Bronx Care, Bronx Center, Workmen's Circle, Morning Side Nursing, Kingsbridge Nursing, Triboro Center, Upper East Side Rehabilitation, Beth Abraham Services, Hope Center, and John Doe Corporations 1-10, are various medical facilities which contract with Towne Nursing to staff various medical employees, including the Plaintiffs, FLSA Plaintiffs, and the Rule 23 Plaintiffs.

93.     From six years prior to the commencement of this action Defendants employed nursing assistants throughout New York City.

94.     Upon information and belief, nursing assistants are not required to have any formal education.

95.     Mrs. Diallo worked for Defendants from on or about January 1, 2019 until on or about December 31, 2021.

96.     Throughout her employment, Mrs. Diallo worked as a nursing assistant.  In that role, Mrs. Diallo, like all nursing assistants, assist with the administering of medicine along with activities such as walking, eating, and bathing.  Further, nursing assistants also monitor medicine intake times and dosages providing an essential function in medical patients' lives.

97.     As employees of the Defendants, nursing assistants, including Mrs. Diallo were primarily responsible for performing manual tasks and physical labor.

98.     Throughout the statutory time period, Plaintiff and other nursing assistants regularly performed manual tasks during the majority of their hours worked.

99.     Therefore, Plaintiff and other nursing assistants spent more than twenty-five percent of their hours worked performing manual tasks.

100.    Throughout the statutory period, Defendants paid Plaintiff and other nursing assistant on a weekly basis, however once every two months, the checks the Plaintiff and other nursing assistants received would be rejected causing those paychecks to be late.

101.    As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiff and Class Members once every two months.

102.    Due to the Defendants withholding the wages due and owing to the Plaintiff and Class Members, Defendant deprived the Plaintiff and Class Members of use of those funds.  Upon

information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments.  Furthermore, as a result of the Defendants depriving Plaintiff and Class Members of these wages, Plaintiff and Class Members were deprived of interest income which would have accrued in their various bank accounts.

103.    Thus, throughout the statutory period Defendants failed to timely pay Plaintiff and other nurse assistant their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

104.    Defendants treated and paid Mrs. Diallo and the Class Members in a similar manner.

105.    From on or about 1/1/2019 until on or about 3/31/2019 Towne Nursing required Mrs. Diallo to work for Bronx Care – and did in fact work – from 3pm until 11pm Mondays through Fridays, inclusive, along with working a double shift every two weeks averaging a weekly hours total of 44 hours a week.

106.    During the time period above, Mrs. Diallo was jointly employed by Towne Nursing and Bronx Care.

107.    From on or about 4/1/2019 until on or about 12/31/2019 Towne Nursing required Mrs. Diallo to work for Workmen's Circle – and did in fact work – from 7am until 7pm Mondays through Fridays, inclusive, averaging a weekly hours total of 55 hours a week.

108.    During the time period above, Mrs. Diallo was jointly employed by Towne Nursing and Workmen's Circle.

109.    From on or about 1/1/2020 until on or about 12/31/2020 Towne Nursing required Mrs. Diallo to work for Morningside Nursing Home – and did in fact work – 1 week 5 days from 7am until 3pm Mondays through Fridays, inclusive, 1 week 6 days from 7am until 3pm Mondays

through Saturdays, inclusive, 1 week a double shift and 1 week month 7 days from 7am until 3pm

Mondays through Sundays averaging a weekly hours total of 48 hours a week.

110.    During the time period above, Mrs. Diallo was jointly employed by Towne Nursing

and Morningside Nursing Home.

111.    From on or about 1/1/2021 until on or about 6/30/2021 Towne Nursing required

Mrs. Diallo to work for Kingsbridge Nursing – and did in fact work – 1 week 5 days from 7am

until 3pm Mondays through Fridays, inclusive, 1 week 6 days from 7am until 3pm Mondays

through Saturdays, inclusive, 1 week a double shift and 1 week month 7 days from 7am until 3pm

Mondays through Sundays averaging a weekly hours total of 48 hours a week.

112.    During the time period above, Mrs. Diallo was jointly employed by Towne Nursing

and Kingsbridge Nursing.

113.    From on or about 7/1/2021 until on or about 9/30/2021 Towne Nursing required

Mrs. Diallo to work for Triboro Center – and did in fact work – 1 week 5 days from 3pm until

11pm Mondays through Fridays, inclusive, 1 week 6 days from 3pm until 11pm Mondays through

Saturdays, inclusive, 1 week a double shift and 1 week month 7 days from 3pm until 11pm

Mondays through Sundays averaging a weekly hours total of 48 hours a week.

114.    During the time period above, Mrs. Diallo was jointly employed by Towne Nursing

and Triboro Center.

115.    From on or about 10/1/2021 until on or about 12/31/2021 Towne Nursing required

Mrs. Diallo to work for Upper East Side Rehab – and did in fact work – 1 week 5 days from 3pm

until 11pm Mondays through Fridays, inclusive, 1 week 6 days from 3pm until 11pm Mondays

through Saturdays, inclusive, 1 week a double shift and 1 week month 7 days from 3pm until 11pm

Mondays through Sundays averaging a weekly hours total of 48 hours a week.

116.    During the time period above, Mrs. Diallo was jointly employed by Towne Nursing and Upper East Side Rehab.

117.    In an effort to minimize their overtime costs and skirt wage and hour laws, throughout their employment, Defendants failed to pay Plaintiff for all hours they worked. Specifically, although Plaintiff routinely worked over 40 hours a week, she was told by Towne Nursing management to submit timesheets which reflected substantially fewer hours worked.

118.    Moreover, when Mrs. Diallo did submit a timesheet to Towne Nursing that accurately reflected that she worked over forty hours in a given week, her Towne Nursing manager *rejected* the timesheet and told her to resubmit with fewer hours.

119.    In some instances, these timesheets showed that Mrs. Diallo worked as little as 16 hours a week when she in fact worked over 40 hours.

120.    Throughout her employment, Mrs. Diallo was paid $15.50 per hour.

121.    Throughout the statutory period, Defendants failed to compensate Mrs. Diallo at one- and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

122.    Throughout the statutory period, Defendants failed to pay Mrs. Diallo for all hours she worked.

123.    Throughout the statutory period, Defendants failed to provide Mrs. Diallo with accurate wage statements that reflected the amount of hours that she worked.

124.    Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

125.    Every hour that Plaintiff worked was for Defendants' benefit.

126.    Defendants treated Rule 23 Plaintiffs and the FLSA Plaintiffs in the manner described above.

## *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
### *Unpaid Overtime under the FLSA*

127.    Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

128.    Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

129.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

130.    As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

131.    The Defendants willfully violated the FLSA.

132.    As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

133.    Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

134.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Unpaid Overtime under the NYLL

135.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

136.    Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

137.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

138.    As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

139.    Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Nonpayment of Straight Time Wages

140.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

141.    Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

142.    Defendants have willfully failed to pay all straight time wages due and owing to the Plaintiff and the Rule 23 Class.

143.     Due to Defendants' violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
#### *Failure to Timely Pay Wages*

144.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

145.     From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

146.     NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

147.     From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

148.     Defendants' violations of the NYLL have been willful and intentional.

149.     Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Furnish Wage Statements in Violation of the NYLL*

150.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

151.    NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

152.    As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

153.    Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

154.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### **DEMAND FOR A JURY TRIAL**

155.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.      Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.      Declaring Defendants' violations of the FLSA and NYLL were willful;

h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

j.      Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

k.      Awarding punitive damages;

l.      Pre-judgment and post-judgment interest, as provided by law;

m.      Awarding such other and further relief as available under the statues; and

n.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        May  31 , 2022

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____

By: Amit Kumar, Esq. (AK 0822)
*Attorneys for the Named Plaintiff as Well as the Putative Class*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com